12 A.3d 711

**PRIORITY TRUST, LLC**

v.

**The ALICEANNA GROUP, et al.**

**No. 1296, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

Feb. 2, 2011.

Donald P. Mazor, Baltimore, MD, for appellant.

Peter A. Prevas (Prevas and Prevas, on the brief), Baltimore, MD, for appellee.

Panel: WRIGHT, GRAEFF, ARRIE W. DAVIS, (Retired, Specially Assigned), JJ.

WRIGHT, J.

On June 28, 2007, appellant, Priority Trust, LLC ("Priority Trust") filed a complaint in the Circuit Court for Baltimore City, seeking to eject appellees, The Aliceanna Group,[1] from the property at 1822 Aliceanna Street, Baltimore, Maryland ("Property"). Priority Trust, the ground rent owner of the Property, alleged that appellees, the leasehold owners, had not paid ground rent. Thus, Priority Trust sought recovery of the Property and damages in the amount of $5,000.00.

On May 7, 2008, the court entered a default judgment for possession of the Property against appellees and, on August 13, 2008, Priority Trust filed a request for a writ of possession. A writ of possession was subsequently issued. On February 13, 2009, appellees filed a motion for relief from judgment of possession,[2] pursuant to Maryland Code (1974), § 8–402.2(c)(2) of the Real Property Article ("RP"). Priority Trust filed a response arguing, in part, that "Maryland Rule 2–535 ... preclude[s] the relief sought by [appellees]." After hearing the matter on May 14, 2009, the circuit court granted appellees' motion.

On May 19, 2009, Priority Trust filed a motion for reconsideration, which the court denied. On June 22, 2009, the court held another hearing "to determine the amount necessary to pay the ground rent, arrears and all costs [to be] awarded." On July 14, 2009, the court ordered appellees to pay Priority Trust the redemption amount of $1,972.00 within 30 days. This appeal followed.

---

1. On September 14, 2007, Priority Trust filed an amended complaint, adding James T. Mikula and Matthew Pysik, co-partners of The Aliceanna Group, as defendants. Another partner, Gino Kozera, was later added as an interpleader. We will refer to The Aliceanna Group and all its partners, collectively, as "appellees."

2. Appellees' motion was docketed as a motion to vacate judgment for possession as to the [P]roperty.

## Questions Presented

Priority Trust asks:

1) Did the trial court err in ruling that Appellees had the absolute right to obtain relief from the enrolled judgment, pursuant to [RP] Section 8–402.2(b)(2)(i) and (ii) [3] ... without having to comply with or satisfy the requirements of Maryland Rule 2–535(b)?

2) Did the trial court err in ruling that Appellees were not required to commence an independent equitable proceeding to obtain relief from the enrolled judgment?

For the reasons that follow, we affirm the circuit court's judgment.

## Facts

During the May 14, 2009, hearing on appellees' motion for relief from judgment of possession, Priority Trust argued:

[PRIORITY TRUST]: What the statute does, Your Honor—and—and the key language of the statute is that word that—words that it uses. It give [sic] them the right to commence a proceeding to seek relief from the judgment.

And the use of those words "relief from the judgment," have very specific meanings in the Maryland Law Encyclopedia and in CJS with regard to this subject. It's—it's clear that the use of the words, "relief from Judgment," or "relief against the judgment," is applicable to a separate equ[it]able proceeding in which a second lawsuit is filed seeking relief from a judgment that was entered in a prior lawsuit.

THE COURT: Well, do you have—do you have any—I don't think any of the case law you cited to me specifically holds that with respect to the—the, the specific issue here which is relief from a judgment in an ejectment suit in a ground rent. Does it?

---

**3.** Priority Trust refers to the statute as codified in 2003. Presently (as well as at the time of trial), this section can be found at RP § 8–402.2(c)(2)(i) and (ii).

[PRIORITY TRUST]: No. We've have [sic] not been able to find—

THE COURT: There is no case on point.

[PRIORITY TRUST]: No cases on point specifically with regard to relief from a judgment in an ejectment act.

THE COURT: So really it's, I guess your construction of what the words of 8–8–402.2 . . . mean in terms of commences a proceeding. I mean I guess what's [sic] you're saying is that because the Maryland Rules condition and regulate proceeding in all actions in Maryland Courts, therefore, it has to under some rule.

And the rule that is naturally applicable is Rule 2–535. And therefore, the proceeding to the motion to obtain relief from the judgment has to comply with the pre-conditions of Rule 2–535. And this motion doesn't comply with the pre-conditions of Rule 2–535 and therefore, it is without merit. That's what your argument I think is. Isn't it?

[PRIORITY TRUST]: Essentially, I think that's correct Your Honor. What we are saying is that under the Real Property Article that permits the commencement of this proceeding, the only way it can be done in the ejectment act, which is the case [ ] which is before the court at the present time, is under Maryland Rule 2–535.

So if relief from the judgment is available in this action, it is only available pursuant to Maryland Rule 2–535, which requires fraud, mistake or irregularity, and an additional requirement that it's in good faith and without lack of due diligence or want of negligence on the part of the moving party.

THE COURT: Well, have—has anybody ever held that?

[PRIORITY TRUST]: There's—

THE COURT: Any of the other Judges of this Court?

[PRIORITY TRUST]: Not that I'm aware of. I don't know if this particular issue has ever come up. Most of the cases

dealing with relief from judgment or relief against judgment are quite old. They're from the 1800s.

\* \* \*

THE COURT: But nobody ever really said how do you—how does one in the words of the statute commence a proceeding to obtain a relief from the judgment.

[PRIORITY TRUST]: That's correct. The only way to do it in the ejectment action is under Rule 2–535. That's the only procedural [ . . . . ]

The court then heard argument from appellees' counsel, but did not find it helpful. Thereafter, the court stated:

. . . I have to tell you the way I see it. The way I see it is I don't think Rule 2–535 applies here.

I think this is a statutory right that the lessee—I'm sorry—the lessee has been given. And I don't think, it doesn't make sense to me. And I realize we could say, well, this leaves a vacuum. If, if I'm construing the statute correctly, this leaves a vacuum. Because there isn't any specific Rule that applies here.

But I think it give [sic] the tenant the absolute right to get relief within the six month period. And I don't think the Court of Appeals in my view has promulgated a Rule that specifically regulates the procedure.

So it's an odd situation. It's a gap. But if I were to say that this is conditioned by the requirements of Rule 2–535, then anytime the motion was filed after the 30–day period, one would have to show—and that's what you argue. One would have to show all of the prerequisites of Rule 2–535; mistake, fraud, or irregularity.

And that doesn't seem to me to make any sense at all; that that would be really I thin[k] in derogation of the right that this statute gives—gives the tenant.

After the court provided its reasoning, the following took place:

[PRIORITY TRUST]: Just your—one—one thing, Your Honor. With regard to 2–535, the Court of Appeals has

said in no uncertain terms that Maryland Rule 2–535 is the only mechanism by which a court can deal with an enrolled judgment.

And I—I think that was set forth in the memorandum. There—there are several cites. And essentially that it comes through as being crystal clear that in the action in which the judgment was entered, the only, the only mechanism, the only procedural mechanism is—is that particular rule.

THE COURT: Well, I understand their [sic] saying that as a general matter. But I guess what I'm saying is, I don't rule—I don't read that as applying to in essence that statutory right of redemption—maybe that's, I don't want to cause confusion in the record by applying that term to it but that—that in essence what it is, that the statutory right of redemption that this, that 8–402.2[ (c) ](2), grants to the tenant.

I don't think that it conditions that. So I respectfully disagree, and I'm going to grant the motion.

Now, of course that's conditioned on the tenant paying the ground rent arrears and all cost awarded.

After a hearing on June 22, 2009, the court determined that appellees had to pay Priority Trust the redemption amount of $1,972.00 within 30 days.

### Discussion

Priority Trust argues that "the trial court erred, as a matter of law, in granting the [appellees'] motion ... for relief from the enrolled judgment" pursuant to RP § 8–402.2. According to Priority Trust, "[t]he nature of the relief requested by Appellees and the fact that the Motion was filed in the [ejectment] action [and not as a separate action] ... mandates that the Motion be treated as one filed under Rule 2–535(b)." We disagree.

Maryland Rule 2–535 states, in pertinent part:

(a) *Generally.*—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory

power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534. . . .

(b) *Fraud, mistake, irregularity.*—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity.

Citing *Norris v. Campbell,* 27 Md. 688 (1867), *Redding v. Redding,* 180 Md. 545, 26 A.2d 18 (1942) and *Master v. Master,* 223 Md. 618, 166 A.2d 251 (1960), Priority Trust avers that Rule 2–535(b) is "the only method by which a Court can exercise revisory power and control over a judgment." According to Priority Trust, there is "no other Rule or procedure by which an enrolled judgment can be altered in any respect whatsoever or by which relief therefrom may be had in the same action in which the judgment was entered." As appellees correctly point out, however, Priority Trust is mistaken. For example, Maryland Rule 4–217(i)(2) provides that a court may strike out bail bond forfeiture "[i]f the defendant or surety can show reasonable grounds for the defendant's failure to appear, *notwithstanding Rule 2–535.*" (Emphasis added).

The cases relied upon by Priority Trust are inapposite. In *Norris,* the Court of Appeals reviewed the lower court's grant of *injunction* in favor of appellee debtors, which prevented appellant creditors from obtaining judgment against the former. *See Norris, supra,* 27 Md. at 691. Similarly, in *Redding,* the Court of Appeals reviewed the lower court's grant of *injunction* in favor of appellee creditors, which prevented appellant debtors from obtaining judgment. *Redding, supra,* 180 Md. at 547, 26 A.2d 18. Neither party in this case is seeking to enjoin the other from obtaining judgment.

Further, although Priority Trust correctly notes that the *Redding* Court recognized "[t]he right, in a proper case, to secure relief from an execution by an original bill in equity," *id.* at 549, 26 A.2d 18 (citation omitted), its reliance on that statement is misplaced, as the Court never mandated that the

right to secure relief could *exclusively* be exercised by way of an "original bill." Priority Trust's reliance on *Master* fails for the same reason. In that case, the Court of Appeals stated that it was "proper" for appellee "to seek relief by an original bill to vacate an enrolled decree for fraud." *Master, supra,* 223 Md. at 623, 166 A.2d 251. The question before us was not considered by the Court in *Master.* Under appropriate circumstances, Rule 2–535 may be utilized to strike out a judgment in a ground rent ejectment action. It is not, however, the exclusive remedy and does not in any way prohibit or modify relief under RP § 8–402.2(c)(2).

RP § 8–402.2(c), states:

(1) Before entry of a judgment the landlord shall give written notice of the pending entry of judgment to each mortgagee of the lease, or any part of the lease, who before entry of the judgment has recorded in the land records of each county where the property is located a timely request for notice of judgment. A request for notice of judgment shall:

(i) Be recorded in a separate docket or book that is indexed under the name of the mortgagor;

(ii) Identify the property on which the mortgage is held and refer to the date and recording reference of that mortgage;

(iii) State the name and address of the holder of the mortgage; and

(iv) Identify the ground lease by stating:

1. The name of the original lessor;

2. The date the ground lease was recorded; and

3. The office, docket or book, and page where the ground lease is recorded.

(2) The landlord shall mail the notice by certified mail return receipt requested to the mortgagee at the address stated in the recorded request for notice of judgment. If the notice is not given, judgment in favor of the landlord does not impair the lien of the mortgagee. Except as

otherwise provided in subsection (c) of this section, the property is discharged from the lease and the rights of all persons claiming under the lease are foreclosed unless, within 6 calendar months after execution of the judgment for possession, the tenant or any other person claiming under the lease:

> (i) Pays the ground rent, arrears, and all costs awarded against that person; and
>
> (ii) *Commences a proceeding to obtain relief from the judgment.*

(Emphasis added).

Priority Trust argues that, because appellees filed their motion for relief in the existing ejectment action, the court should have reviewed it solely under Rule 2–535. As appellees correctly note, however, RP § 8–402.2(c)(2)(ii) uses the term "proceeding" and not "action." " 'Proceeding' means any part of an action." Md. Rule 1–202(u) (formerly Rule 1–202(t) at the time of trial). In turn, " '[a]ction' means collectively all the steps by which a party seeks to enforce any right in a court. . . ." Md. Rule 1–202(a). Thus, by using the word "proceeding" as opposed to "action" in RP § 8–402.2(c)(2)(ii), the legislature appears to have indicated a preference for filing the request for relief from judgment of possession in the underlying action as opposed to a separate action. Because the statute requires a tenant to "[c]ommence[ ] a proceeding," or part of an action, in order to obtain relief from the judgment, appellees acted properly when they filed their motion in the existing action.

This interpretation is in keeping with Maryland Rule 1–201(a), which provides that "rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." If a tenant or any other person claiming under the lease was required to file a separate action in order to obtain relief under RP § 8–402.2(c)(2), such a requirement would promote, instead of eliminate, unjustifiable expense and delay. It would also defeat any simplicity in procedure.

Having determined that the court could review appellees' motion under RP § 8–402.2(c)(2), we turn to see whether appellees satisfied the statute's requirements. Priority Trust does not dispute that appellees filed their motion for relief from judgment of possession within six months after execution of the judgment for possession, nor does it dispute that appellees are within the class of persons entitled to request relief. Therefore, after having commenced the proceeding, appellees need only "pay[ ] the ground rent, arrears, and all costs awarded," in order to obtain relief from the judgment. Appellees were ordered, by the court, to pay Priority Trust the redemption amount of $1,972.00 within 30 days of July 14, 2009. As such, the circuit court did not err when it reviewed, and subsequently granted, appellees' motion for relief from judgment of possession under RP § 8–402.2(c)(2).

For all of the foregoing reasons, we affirm the judgment of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE CITY IS AFFIRMED. COSTS TO BE PAID BY APPELLANT.**